# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ALFRED R. FINSTER, | ) |
|     *Plaintiff*, | ) Case No. 3:21-cv-133 |
| v. | ) Judge Travis R. McDonough |
| ANDERSON COUNTY DETENTION FACILITY and SOUTHERN HEALTH PARTNERS, | ) Magistrate Judge Debra C. Poplin |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of pro se prisoner Alfred R. Finster's complaint brought under 42 U.S.C. § 1983 (Doc. 2) and related motion for leave to proceed *in forma pauperis* (Doc. 1). The Court will address Plaintiff's motion before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 1) will be **GRANTED**.

Because Plaintiff is an inmate at the Anderson County Detention Facility, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty

percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a

2

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B.  **Allegations of Complaint**

Plaintiff, an inmate currently housed at the Anderson County Detention Facility ("ACDF"), wears an urostomy appliance ("UA"). (Doc. 2, at 4.)[1] Plaintiff claims that when his UA loses adhesion, it leaks on him and, eventually, the floor. (*Id*.) Plaintiff asserts that he was initially allowed only one UA per week, but that in March 2021, ADCF began allowing him three UAs per week. (*Id*.) Despite this increase in the availability of UAs, Plaintiff claims that ACDF and its contract medical provider, Southern Health Partners ("SHP"), are not providing

---

[1] Plaintiff does not identify the necessity of or purpose for his UA, but the Court takes judicial notice that UAs are bags attached to the skin to collect urine. *See* U.S. National Library of Medicine, https://medlineplus.gov/ency/patientinstructions/000478.htm (last visited Apr. 8, 2021).

3

him with a sufficient number of UAs to allow him to replace his current one when it loses adhesion, which causes him to sit for hours and sometimes days in his own urine. (*Id*. at 3–4.) Instead, Plaintiff alleges, when he calls for a replacement he is told to stuff towels against the bottom of his cell door to contain the urine and resulting odor. (*Id*. at 4.) Plaintiff contends that it is particularly troublesome when the UA failure happens at night, as there is no medical staff on duty at night. (*Id*.) When Plaintiff suffers UA failure at night, he must wait until nine or ten o'clock the next morning to obtain medical assistance. (*Id*.) Even then, he claims, he is only provided help if he has not used his allotment of UAs for the week. (*Id*.)

Plaintiff maintains that he has been blamed for not properly caring for the UAs, and as a result, he has been pepper sprayed and had his bedroll and mat taken away from him. (*Id*.) He claims that because Defendants believe Plaintiff is deliberately causing his UAs to fail, ACDF blocks his cell door and neglects to inform SHP when Plaintiff needs a replacement. (*Id*.) Plaintiff contends that SHP, meanwhile, has tried to limit the number of UAs they provide by accusing Plaintiff of failing to properly care for them. (*Id*. at 4–5.)

Plaintiff also maintains that he has an infected tooth for which SHP has stopped treatment because Plaintiff fails to drink water with his Ibuprofen and antibiotics, and that SHP denied him blood pressure and thyroid medication "when [he] did not lift [his] shirt to show them" his UA (*Id*.)

Plaintiff asks this Court to order (1) both Defendants to compensate him monetarily, (2) both Defendants to implement policy changes, and (3) ACDF to provide twenty-four-hour healthcare. (*Id*. at 6.)

    C.    **Analysis**

        1.    **Entity Liability**

4

Case 3:21-cv-00133-TRM-DCP   Document 4   Filed 04/12/21   Page 4 of 8   PageID #: 15

As a preliminary matter, the Court finds that ACDF is not a "person" under the law, and therefore, it is not subject to § 1983 liability. *See Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Moreover, to the extent Plaintiff's allegations could be construed against Anderson County itself, Plaintiff has failed to allege that the execution of any particular policy or custom at the facility served to violate his rights, and therefore, he has failed to state a claim against Anderson County. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from implementation of its official policies or established customs). Rather, Plaintiff states that he is not provided an adequate number of UAs and treatment for his ailments because staff members perceive him to be sabotaging his equipment or failing to comply with demands. To the extent Plaintiff could have, but did not, allege the existence of any policy or custom giving rise to a constitutional violation, he has failed to state a claim. *See Twombly*, 550 U.S. at 555, 570 (finding allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery do not state a plausible claim for relief).

The outcome is the same upon consideration of SHP's liability. Plaintiff has not identified any policy or custom of SHP that, when executed, caused him injury. *See Monell*, 436 U.S. at 691; *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights). Accordingly, ACDF and SHP will be **DISMISSED**.

5

### 2. Amendment

Despite the fact that Plaintiff has failed to establish that the entities Anderson County or SHP bear any constitutional liability in this action, the Court observes that Plaintiff's allegations may, if fleshed out, state a constitutional claim for the denial of medical care, unconstitutional conditions of confinement, and/or retaliation against individual employees of ACDF or SHP.

Therefore, within twenty-one (21) days of entry of this Memorandum and Order, Plaintiff will be **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific parties responsible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **ADVISED** that he should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to the incidents in his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to said incidents, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that the amended complaint must be complete and not refer back to previous pleadings. Finally, Plaintiff is **NOTIFIED** that if he does not file an amended

complaint by the deadline, the Court **will** **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff is **ORDERED** to file an amended complaint;

7. Plaintiff has twenty-one (21) days from entry of this order to file the amended complaint as set forth above, and he is **NOTIFIED** that the amended complaint will completely replace the original complaint;

8. Plaintiff is **NOTIFIED** that failure to timely comply with this order may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. As no allegations have survived against them, ACDF and SHP are **DISMISSED**; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**