# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | | |
|---|---|---|---|
| ALFRED R. FINSTER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | No.: | 3:21-CV-TRM-DCP |
| v. | ) | | |
| | ) | | |
| | ) | | |
| ANDERSON COUNTY, SOUTHERN | ) | | |
| HEALTH PARTNERS, DEPUTY | ) | | |
| PERRY, DEPUTY BRISK, NURSE | ) | | |
| HOFFNER, and NURSE LAWSON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

On December 27, 2021, this Court entered an order providing Plaintiff fourteen days to show cause why this pro se prisoner's civil rights action should not be dismissed based on Plaintiff's failure to respond to Court orders (Doc. 30). Plaintiff has not complied with that order, and the deadline for doing so has passed. Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the reasons set forth below.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendants, as they have expended time and resources responding to Plaintiff's complaint against them. (*See* Docs. 16, 21.) As to the third factor, the Court's previous order warned Plaintiff that failure to timely respond would result in dismissal of this action (Doc. 30). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**